IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DUSTIN D. COFFMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 18-4031-DDC-GEB |
| ) | |
| **CHS GAS AND OIL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

# REPORT AND RECOMMENDATION and
# ORDER ON MOTION FOR EXTENSION OF TIME

This matter is before the court on U. S. District Judge Daniel D. Crabtree's Order to Show Cause (ECF No. 3), Plaintiff's Request for Extension of Time (and other relief) (ECF No. 4), and on the undersigned U.S. Magistrate Judge's review of Plaintiff's Amended Complaint (ECF No. 7) and related filings.[1] After thorough review of the show cause order and Plaintiff's recent filings (ECF Nos. 5, 6, 7, 8, 9), it appears to the undersigned that this federal court lacks jurisdiction over Plaintiff's claims. According to the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks

---

[1] Since the filing of the Show Cause Order on May 4, 2018, Plaintiff has filed five documents: a Motion for Extension of Time to Answer State Law Threshold Matters (ECF No. 4); Response to the Order to Show Cause (ECF Nos. 5, 6); an Amended Complaint (ECF No. 7); a Supplement/Correction to the Amended Complaint (ECF No. 8); and a Supplement to the Motion for Extension ("Amendment of State of Kansas Threshold Matters") (ECF No. 9).

subject-matter jurisdiction, the court *must* dismiss the action,"[2] the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

## I.   Background[3]

Plaintiff, proceeding pro se, filed this action on April 19, 2018, generally alleging his cousin, defendant Timothy Robert Coffman ("Timothy"), harassed him through electronic means, such as Facebook, email and text messages. Plaintiff's initial 71-page Complaint names Timothy as a defendant, along with Timothy's apparent employers: CHS Gas and Oil, Western Division Jayhawk Pipeline, and Richard Peterson, CEO of Jayhawk Pipeline. Although Plaintiff's original Complaint is difficult to follow, it appears he blames Timothy's employers for failing to supervise him, because Timothy allegedly harassed Plaintiff while at work and while using company equipment. In his original complaint, Plaintiff states 14 claims for relief: (1) hacking; (2) cyber harassment; (3) assault; (4) defamation; (5) libel; (6) slander; (7) filing false report to law enforcement officers; (8) cyber stalking; (9) filing a false protection order; (10) neglect of a family member; (11) abuse; (12) lewd and lascivious behavior; (13) intentional infliction of emotional harm of a family member; and (14) character assassination.[4]

---

[2] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3)) (emphasis added).
[3] The "Background" section is based upon the pleadings submitted by Plaintiff and should not be construed as judicial findings or factual determinations.
[4] *See* Order to Show Cause, ECF No. 3 (citing ECF No. 1 at 12).

On May 4, 2018, District Judge Crabtree ordered Plaintiff to show cause, on or before May 25, 2018, why the court should not dismiss this case for lack of subject matter jurisdiction. Judge Crabtree noted:

> Plaintiff's Complaint fails to plead a basis for either federal question jurisdiction or diversity jurisdiction. The Complaint fails to plead federal question jurisdiction because it does not allege that plaintiff's claims arise under federal law. And the Complaint fails to plead diversity jurisdiction because plaintiff never alleges that he and defendants are citizens of different states.

(ECF No. 3 at 3.)

Since the filing of the show cause order, a plethora of documents have been presented ad nauseam for the court's consideration. On May 24, Plaintiff filed a collection of documents. One document, entitled "Request for Extension of Time to Answer State Law Threshold Matters," appears to seek an extension of time for some indeterminate task, and asks the court to order the United States Marshal Service to serve summonses on all named defendants. (ECF No. 4.) In addition to this motion, Plaintiff submitted a collection of documents initially filed as a Response to the show cause order. (ECF No. 5.) This Response included a primary document and four attachments, totaling 153 pages of information which was difficult to decipher, at best. Upon review of the Response and its attachments, the undersigned directed the Clerk's office to separate the Response from what it views as an Amended Complaint and its related attachments. (*See* ECF Nos. 5, 6, and 7.)

Plaintiff's Amended Complaint (ECF No. 7), along with its attachments, spans 142 pages and is even more confusing than his original pleading. Plaintiff appears to add

three new defendants to his case: Jay Debertin, Rick Dusek, and Jim Zappa. (ECF No. 7-3 at 1; *see also* ECF No. 8 at 1.)  Plaintiff contends Mr. Debertin is President and Mr. Dusek is Vice President of CHS Gas and Oil, while Jim Kappa is General Counsel.  Plaintiff states generally that Debertin, Dusek, and Zappa are liable for negligence. (ECF No. 7-1 at 27; ECF No. 8 at 1.)  In his Amended Statement of Claims (ECF No. 7), Plaintiff amends his causes of action to include:  1) Due process violation of the Fourteenth Amendment; 2) Due process violation of equal protection of under the law under the 14th amendment; 3) Violation of the 1st Amendment, 4) Defamation, 5) Liable, 6) Slander, and 7) Intentional Infliction of Emotional Distress ("ongoing tort [of] duress").

Although Plaintiff's pleadings lack a coherent order, a general overview of his filings is prudent to this discussion.  In his "Amended Statement of Claims" (ECF No. 7), aside from the initial page wherein he states his amended claims, the remainder of the document is a compilation of correspondence between Plaintiff and his cousin, defendant Timothy Coffman, as well as copies of various filings originating from the Texas County District Court in Oklahoma.  Apparently, in late 2017, Timothy Coffman successfully sought a "permanent protective order to protect [himself] from harrassment [sic] by his cousin Dustin Coffman." (ECF No. 7 at 7.)  However, these documents appear to be incomplete excerpts with no comprehensible order, and this court makes no findings regarding the Oklahoma state action.

In the first attachment to Plaintiff's Amended Complaint, titled "Defamation Libel Slander Fraud as to Schizphenia [sic] Claims of The Defendants," Plaintiff claims that

Timothy, and perhaps other unknown individuals, accused him of being schizophrenic. (ECF No. 7-1 at 1-2.)  Other than from the first two pages, the remainder of the 27-page document contains a variety of excerpts discussing the elements of negligence, defamation, and California state laws dealing with stalking, cyber harassment, and related criminal offenses, without facts or other information to tie the excerpts to the claims in this case. (ECF No. 7-1.)  This document also includes numerous pages of email correspondence that appear to be between himself and Timothy Coffman (ECF No. 7-1 at 16-27), which Plaintiff's relies upon as "evidence" that his cousin is sending him lewd pictures from work and accusing him of being a sex offender.

The second attachment to Plaintiff's amended pleading (ECF No. 7-2) is titled "Sex Offender Claims, Defamation Libel Slander Exhibits on Sex Offender Claims by Defendants."  Here, Plaintiff also claims Timothy Coffman called him a sex offender and sent lewd photos to him. (ECF No. 7-2 at 1-2.)  This 59-page document is replete with more copies of emails between Plaintiff and his cousin, along with various recitations of Kansas law, links to various Kansas state department websites, and more copies of documents from the Texas County District Court in Oklahoma – none of which is explained or demonstrated in any coherent fashion.

In his final attachment to his amended pleading, Plaintiff outlines his "amended defendants list" and restates his constitutional claims.  He notes, "contained here . . . are exhibits of hacking . . ." (ECF No. 7-3 at 1-2), and he claims the corporate defendants are vicariously liable for actions of their employee, Timothy Coffman (ECF No. 7-3 at 16).

But the remainder of this document contains references to court cases in other jurisdictions, with no apparent relationship to this case.

In addition to his May 24 filings, on June 13, 2018 Plaintiff filed two more documents: a Supplement to his Amended Complaint (ECF No. 8) and a document titled "Amendment of State of Kansas Threshold Matters" (ECF No. 9). His pleading supplement, ECF No. 8, attempts to clarify his amended defendant list, contains a list of proposed amendments to his previously-filed documents (ECF No. 8 at 1-5), and includes both a restatement of his causes of action (*Id*. at 6-8) and an expanded list of the relief he requests (*Id*. at 8-10). In ECF No. 9, Plaintiff recites a list of various Kansas state court decisions, without relating those decisions to his claims. He also includes excerpts of Kansas laws regarding negligence, criminal assault, stalking, hacking, harassment, libel, and damages. Attached to this document is a 107-page compilation of items Plaintiff calls "Hacking, Cyber Stalking, [and] Stalking" Exhibits (ECF No. 9-1). Again, this voluminous document largely consists of copies of communications between Plaintiff and his cousin, Timothy Coffman.

And, most recently, on June 22, 2018, Plaintiff filed returns of service, from which it appears he has attempted to serve each of the five defendants with a summons and complaint by certified mail. (ECF Nos. 10-14.)

## II. RECOMMENDATION

After thorough review of the filings submitted since the entry of the show cause order, the undersigned U.S. Magistrate Judge recommends this matter be dismissed for

lack of jurisdiction. As thoroughly explained in Judge Crabtree's prior Order to Show Cause (ECF No. 3), federal courts are of limited jurisdiction and must have a statutory basis to exercise their authority.[5]

There are two types of subject-matter jurisdiction: federal question and diversity jurisdiction.[6] The party invoking federal jurisdiction has the burden to allege facts demonstrating the presence of subject-matter jurisdiction.[7] However, federal courts also have an independent obligation to determine whether subject-matter jurisdiction exists.[8] When a federal court concludes it lacks subject-matter jurisdiction, it must dismiss the action under Fed. R. Civ. P. 12(h)(3).[9] Even if the existence of jurisdiction is not challenged by a party, the court still bears the duty to raise and resolve subject matter jurisdiction on its own motion if it appears questionable.[10] Upon review of the pleadings, the undersigned finds that, even affording Plaintiff's filings liberal construction given his pro se status,[11] his pleadings fail to establish either federal question or diversity jurisdiction.

---

[5] *Gad v. Kansas State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015); *U.S. v. Cotton*, 535 U.S. 625, 630 (2002).
[6] *Wilkins v. Kansas Dept. of Labor*, No. 12-1363-JAR-KMH, 2013 WL 591767, at *1 (D. Kan.) (discussing the two statutory bases for federal subject-matter jurisdiction).
[7] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).
[8] *1mage Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).
[9] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).
[10] *Murphy v. Corwin*, No. 17-4066-SAC-KGS, 2017 WL 3773047, at *1 (D. Kan. July 31, 2017), report and recommendation adopted, No. 17-4066-SAC, 2017 WL 3705056 (D. Kan. Aug. 28, 2017) (citing *Laughlin v. KMART Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)).
[11] *See Tatten v. City & Cty. of Denver*, No. 17-1141, 2018 WL 1747701, at *3 (10th Cir. Apr. 11, 2018) (discussing the "liberal-construction rule afforded typical pro se litigants") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972); and *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991)).

### A.     Lack of Federal Question Jurisdiction

In his Amended Complaint, Plaintiff alleges the court has federal question jurisdiction because Defendants' actions violate his constitutional equal protection and due process rights under the Fourteenth Amendment, and violate his First Amendment rights (in some unclear manner).

Plaintiff does not directly rely upon 42 U.S.C. § 1983,[12] but this law provides a mechanism by which he could bring a claim for alleged constitutional violations.[13]  Even if the court were to read Plaintiff's pro se pleadings liberally to state a § 1983 claim, the law permits "claims for alleged constitutional violations committed by an individual party *only if* the violating party is a state actor acting 'under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia.'"[14]  However, Plaintiff does not describe any named defendant as a state actor—in fact, he appears to assert the opposite in his Complaint.[15]  In his Amended Complaint and other recent filings, although he couches his claims in constitutional terms, he provides no allegations or supporting facts to claim any defendant is a state actor under § 1983, nor any other viable statutory basis for federal question jurisdiction. Therefore, Plaintiff fails to state a viable claim for violation of his rights under the

---

[12] Plaintiff specifies in his original Complaint, under the "Basis for Jurisdiction" section, that he is making "no FEDERAL official claims" and "NO state or local claims" under § 1983 against neither state nor federal officials "at this time."  (ECF No. 1, at 5-6.)  He does reference § 1983 in the context of discussing another federal case (ECF No. 1, at 54), but does not explain how the reference relates to his own claims.

[13] 42 U.S.C. § 1983.

[14] *Hamdeh v. Lehecka*, No. 14-1184-EFM-KMH, 2014 WL 5390568, at *2 (D. Kan. Oct. 23, 2014) (citing 42 U.S.C. § 1983) (emphasis in original).

[15] *See supra* note 12 and accompanying text.

constitutional provisions cited in his pleadings, and this court lacks federal question jurisdiction over his claims.

### B. Lack of Diversity Jurisdiction

Additionally, even after the specific instructions of Judge Crabtree, Plaintiff fails to demonstrate diversity jurisdiction under 28 U.S.C. § 1332. For diversity jurisdiction to apply, 28 U.S.C. § 1332 requires: (1) the amount in controversy to be in excess of $75,000; and (2) the parties to be citizens of different states. When jurisdiction is premised on diversity, it must be *complete* diversity, meaning *each* plaintiff must be from a different state than *each* defendant.[16]

Plaintiff seems to allege diversity jurisdiction, because he claims "[Diversity] is in play due to the living and business in many states of all the defendant's [sic]." (ECF No. 7-3, at 17.) From the address contained in many of his pleadings, it appears Plaintiff is a resident of Hooker, Oklahoma. (ECF No. 1 at 45; ECF No. 7, at 1.) Plaintiff claims he has a "Hooker [Oklahoma] address for living residency [and is a] principal business owner in Kansas." (ECF No. 7-3 at 3.) Therefore, in order for complete diversity to exist, no other defendant may be a resident of Oklahoma.

In his original Complaint, Plaintiff provides a Liberal, Kansas address for defendant Timothy Coffman, which appears to be the business address of his employer and co-defendant Western Division Jayhawk Pipeline. (ECF No. 1 at 4-5.) However, Plaintiff also claimed Timothy Coffman "*lives in Oklahoma* and works in Kansas." (ECF

---

[16] *Ravenswood Inv. Co. v. Avalon Correctional Services*, 651 F.3d 1219, 1223 (10th Cir. 2011) (emphasis added) (citing *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 829 & n. 1 (1989)).

No. 1 at 45.) Although he does not provide an address list in his amended pleadings, the documents attached to his supplemental pleadings seem to support Timothy Coffman's residency in Oklahoma.[17] (*See* ECF No. 7 at 24.) Therefore, complete diversity is lacking, since both Plaintiff and his cousin ostensibly reside in Oklahoma.

And, it is not the court's duty to scour Plaintiff's lengthy filings to attempt to support his case for diversity jurisdiction.[18] The Order to Show Cause outlined the difficulty discerning the citizenship of the originally-named defendants from the information provided in the initial Complaint (Order, ECF No. 3 at 5-6). Despite Plaintiff's numerous filings since the entry of that order, he failed to clarify the residency of individual defendants Timothy Coffman and Richard Peterson, or provide any information regarding the corporate structure of the business defendants. Rather than explaining the citizenship of the named defendants, as required by the Order, Plaintiff's recent filings confuse the issue further. And, not only do the pleadings fail to demonstrate that Defendants' citizenship is diverse from Plaintiff's citizenship, Plaintiff actually acknowledges a lack of complete diversity, noting "*all but one* defendant lives in other states than the plaintiff." (ECF No. 5, at 1, emphasis added.)

---

[17] In Plaintiff's Amended Statement of Claims, he includes a page from the Oklahoma "Order of Protection" (*see* discussion *supra* page 4) that appears to order the defendant in that case—assumedly Dustin Coffman—to "leave and remain away from the residence located at RR 2, Box 978, Guymon, Oklahoma." Taken in the context of other excerpts from the protective order, this appears to be Timothy Coffman's residence. ECF No. 7 at 24.

[18] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (noting the court cannot "take on the responsibility of serving as [Plaintiff's] attorney in constructing arguments and searching the record")).

### C. Conclusion

After careful review and being mindful that Plaintiff proceeds on a pro se basis, the court finds Plaintiff has failed to allege a basis for this court to assume subject-matter jurisdiction over his claims. Consequently, his claims must be dismissed under Fed. R. Civ. P. 12(h)(3).

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Complaint and Amended Complaint be dismissed for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

## III. Motion for Extension of Time (ECF No. 4)

On review of the docket, the undersigned finds Plaintiff's Motion for Extension of Time to Answer State Law Threshold Matters to be moot. The precise relief Plaintiff seeks is unclear. To the extent Plaintiff seeks service of his pleadings by the United States Marshals Service, Plaintiff's request is moot, as he has already submitted summonses for issuance by the clerk's office for his own service (*see* Summons issued on June 7, 2018, reflected on the court's electronic docket) and has filed his returns (ECF Nos. 10-14). Even if Plaintiff had not submitted summons for his own service, the court would deny the motion for service by the U.S. Marshals as premature in light of the above recommendation of dismissal. To the extent Plaintiff seeks additional time to respond to the Order to Show Cause, the motion is found **MOOT** in light of Plaintiff's multiple responses.

- 12 -

For the reasons stated above, Plaintiff's Motion (**ECF No. 4**) is found to be **MOOT**.

**IT IS FURTHER ORDERED** that a copy of this recommendation and order shall be mailed to Plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[19]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 2nd day of July 2018.

                                              s/ Gwynne E. Birzer
                                              GWYNNE E. BIRZER
                                              United States Magistrate Judge

---

[19] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).