# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DUSTIN D. COFFMAN,

        Plaintiff,

v.

        Case No. 18-4031-DDC-GEB

CHS GAS AND OIL, et al.,

        Defendants.

## MEMORANDUM AND ORDER

After providing plaintiff multiple opportunities to allege federal subject matter jurisdiction properly, he still fails to assert any facts establishing that this court has jurisdiction over this lawsuit. The court thus dismisses this case without prejudice for lack of subject matter jurisdiction.

**I.    Background**

Plaintiff filed a Complaint pro se on April 19, 2018, against four defendants—CHS Gas and Oil, Western Division Jayhawk Pipeline, Richard Peterson, and Timothy Robert Coffman. Doc. 1. Plaintiff's original Complaint spans 71 pages. And it is quite difficult to understand. As best the court can discern, plaintiff alleges that his cousin, Timothy Robert Coffman, has harassed him via email, Facebook, and text messages. Plaintiff also alleges that his cousin's employers negligently failed to supervise their employee because they have allowed Timothy Robert Coffman to commit his harassment during work hours while using company servers.

Because the Complaint never alleged facts sufficient to establish subject matter jurisdiction, the court ordered plaintiff to show cause by May 25, 2018, why the court should not dismiss the lawsuit for lack of subject matter jurisdiction. Doc. 3. Plaintiff filed a response to

the court's show cause order. Doc. 6. It too is difficult to understand. But the court cannot decipher anything in that response to provide a basis for federal subject matter jurisdiction.

The same day that he filed his response to the Order to Show Cause, plaintiff also filed an "Amended Statement of Claims to go with ECF #1." Doc. 7. The Clerk of the Court docketed the filing as an Amended Complaint.

On July 2, 2018, Magistrate Judge Gwynne E. Birzer issued a Report and Recommendation (Doc. 18), recommending that the district court dismiss plaintiff's Complaint and Amended Complaint for lack of subject matter jurisdiction.

As Judge Birzer described: "Plaintiff's Amended Complaint, along with its attachments, spans 142 pages and is even more confusing than his original pleading." Doc. 18 at 3. The Amended Complaint adds three new defendants to the case: Jay Debertin, Rick Dusek, and Jim Zappa. Plaintiff contends Mr. Debertin is President and Mr. Dusek is Vice President of CHS Gas and Oil, while Jim Kappa is its General Counsel. Plaintiff states generally that Mr. Debertin, Mr. Dusek, and Mr. Zappa are liable for negligence. And, in his "Amended Statement of Claims," plaintiff appears to amend his causes of action to include: (1) Due process violation of the Fourteenth Amendment; (2) Due process violation of equal protection of under the law under the 14th amendment; (3) Violation of the 1st Amendment; (4) Defamation; (5) "Li[bel]"; (6) Slander; and (7) Intentional Infliction of Emotional Distress ("ongoing tort [of] duress"). Doc. 7 at 1. He seeks $25 million in compensatory damages and another $25 million in punitive damages. *Id.*

After thoroughly reviewing plaintiff's Complaint, Amended Complaint, and his several other filings (*see* Docs. 4, 5, 6, 8, 9), Judge Birzer concluded that plaintiff has alleged no basis for federal subject matter jurisdiction. None of plaintiff's filings establish federal question

jurisdiction under 28 U.S.C. § 1331. And none of his filings allege facts sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332. For these reasons, Judge Birzer recommended that the district court dismiss plaintiff's lawsuit for lack of subject matter jurisdiction.

Judge Birzer concluded her Report and Recommendation by explaining to plaintiff that he must serve and file any objections he has to the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, within 14 days after service. Doc. 18 at 12. She also advised plaintiff that failing to make a timely objection to the Report and Recommendation waives any right to appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. *See id.* ("Failure to make a timely objection waives appellate review of both factual and legal questions").

On July 17, 2018, plaintiff filed a document titled "RESPONSE TO ECF # 3 Crabtree's order to show cause is the cause of action on record nullifying the statement of justice review of show cause" and "Response to FILED BY CHIEF JUSTICE HONORA[BLE] [Birzer] . . . ." Doc. 22 at 1. Plaintiff's filing also seeks an extension of time for defendant Timothy Robert Coffman to file an answer. *Id.* For reasons explains below, plaintiff's filings still fail to establish any basis for federal subject matter jurisdiction. The court thus dismisses the case without prejudice.

**II.    Legal Standard**

Fed. R. Civ. P. 72(b)(2) provides that, after a magistrate judge enters a recommended disposition on a dispositive matter, a party may serve and file specific, written objections to the magistrate judge's order within 14 days after being served with a copy of the recommended disposition. Then, under Fed. R. Civ. P. 72(b)(3), the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P.

3

72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). After making this determination, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . [or] may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

The Tenth Circuit requires that objections to a magistrate judge's recommended disposition "be both timely and specific to preserve an issue for de novo review by the district court." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). As stated above, an objection is timely if made within 14 days after service of a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2). An objection is sufficiently specific if it "focus[es] the district court's attention on the factual and legal issues that are truly in dispute." *One Parcel of Real Property*, 73 F.3d at 1060. If a party fails to make a proper objection, the court has considerable discretion to review the recommendation under any standard that it finds appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

**III.  Analysis**

Because plaintiff's filings are difficult to understand, the court doubts that plaintiff has filed a "specific" objection to Judge Birzer's order sufficient to satisfy the Tenth Circuit's standard for filing objections to a magistrate judge's order. Nevertheless, the court conducts a de novo review of Judge Birzer's Report and Recommendation. After conducting that review, the court agrees with Judge Birzer's well-reasoned conclusion that the court lacks subject matter jurisdiction over plaintiff's lawsuit.

4

The court recognizes that plaintiff proceeds pro se in this lawsuit. Thus, the court must construe his filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). But, even under the most liberal construction afforded to plaintiff's Complaint, Amended Complaint, and his many other filings, the court cannot decipher a basis for subject matter jurisdiction.

As the court already has explained, the court has an independent obligation to satisfy itself that subject matter jurisdiction is proper. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). And, it "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The plaintiff must shoulder the burden to establish the court's subject matter jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Two federal statutes confer subject matter jurisdiction on federal district courts: diversity jurisdiction under 28 U.S.C. § 1332, and federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff fails to allege subject matter jurisdiction under either federal statute.

For a federal court to have federal question jurisdiction, plaintiff must assert a "civil action[ ] arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, plaintiff asserts several claims alleging that defendants violated his constitutional rights. *See* Doc. 7 at 1. Although his Amended Complaint never cites 42 U.S.C. § 1983, that federal statute provides a cause of action for alleged constitutional violations. 42 U.S.C. § 1983. But it

applies only to persons acting under color of state law. *Id.*; *see also Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1156 (10th Cir. 2016) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." (citation and internal quotation marks omitted)). Even when afforded the most liberal construction, none of plaintiff's filings allege that any of the defendants are state actors or that they were acting under color of state law. Thus, plaintiff asserts no federal cause of action in this lawsuit. And the court lacks federal question jurisdiction.

For a federal court to have diversity jurisdiction, the plaintiff must show the amount in controversy exceeds $75,000, and complete diversity of citizenship exists between all plaintiffs and all defendants. 28 U.S.C. § 1332(a). Here, this requirement means plaintiff must allege that he and all defendants are "citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiff alleges that he is an Oklahoma citizen. Doc. 1 at 45 (reciting that plaintiff's "permanent residence" is in Oklahoma); *see also* Doc. 7-3 (reciting that plaintiff's "Hooker [Oklahoma] address [is] for living residency"). So, as Judge Birzer explained, for complete diversity to exist, no other defendant may reside in Oklahoma. Doc. 18 at 9. But plaintiff alleges that defendant Timothy Robert Coffman "lives in Oklahoma and works in Kansas." Doc. 1 at 45. Also, plaintiff's other filings suggest that Timothy Robert Coffman's residence is in Oklahoma. *See* Doc. 18 at 10 & n.17 (citing Doc. 7 at 24). And, as plaintiff appears to concede, diversity is lacking because he asserts that "*all but one* defendant lives in other states than the plaintiff." Doc. 5 at 1 (emphasis added).

From these alleged facts, the court concludes that diversity of citizenship does not exist here. Although the court has provided plaintiff many chances to assert diversity jurisdiction, he

6

has alleged no facts establishing that defendant Timothy Robert Coffman's citizenship is diverse from plaintiff's citizenship.[1]  The court thus lacks federal diversity subject matter jurisdiction. So, because plaintiff has failed to establish that the court has subject matter jurisdiction over this action, the court dismisses the lawsuit without prejudice for lack of subject matter jurisdiction.

Finally, as noted above, plaintiff's July 17, 2018 filing seeks an extension of time for defendant Timothy Robert Coffman to file an answer.  Doc. 22 at 1.  Because plaintiff lacks standing to make this request of behalf of Timothy Robert Coffman, the court denies the request. To the extent one can construe plaintiff's filing as seeking an extension of time to respond to Judge Birzer's Report and Recommendation until after plaintiff has consulted with legal counsel, the court denies that request.  *See* Doc. 22 at 2 ("Re.  request extension on time to answer for consultation with legal counsel on this matter of state law thresholds of Kansas law as not to have doubt on the validity of the case as not to have bias on the case requesting the extension to occur on the premise of the defendant has been served . . . .").

Plaintiff filed this lawsuit on April 19, 2018.  The court has warned him many times that his filings fail to demonstrate federal subject matter jurisdiction.  And it has given him several opportunities to correct the deficiencies.  In the months since plaintiff has filed this case, he has had ample time to contact legal counsel.  Plaintiff's motion does not explain whether he has consulted with legal counsel.  And it does not recite any efforts he has made to find legal counsel.  The court also fails to understand how legal counsel could help plaintiff establish subject matter jurisdiction in this case. Based on the facts alleged—*i.e.*, plaintiff accuses his cousin of harassing him using the internet—the court fails to understand how these facts could

---

[1]  Also, plaintiff still fails to allege facts sufficient for the court to discern the other defendants' citizenship for diversity jurisdiction purposes.  *See* Doc. 3 at 5–6 (explaining to plaintiff that his Complaint fails to allege the citizenship of defendants CHS Gas and Oil, Western Division Jayhawk Pipeline, and Richard Peterson).

support a federal cause of action to establish federal question jurisdiction.  Also, based on the facts that plaintiff has alleged about the parties' citizenship, no diversity jurisdiction exists here. The court thus dismisses plaintiff's lawsuit without prejudice for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that, after reviewing the file de novo, the Report and Recommendation issued by United States Magistrate Judge Gwynne E. Birzer on July 2, 2018 (Doc. 18) is **ACCEPTED, ADOPTED and AFFIRMED**.  The court dismisses this action without prejudice under Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Extension of Time (Doc. 23) is denied.

**IT IS SO ORDERED.**

**Dated this 30th day of July, 2018, at Topeka, Kansas**

                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**